AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)     Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
## for the
### District of Montana

| United States of America | ) |
|---|---|
| v. | ) |
| Christopher Glenn Lakey | ) Case No: CR-22-43-M-DWM |
|  | ) USM No: |
| Date of Original Judgment: 07/20/2023 | ) |
| Date of Previous Amended Judgment: | ) |
| *(Use Date of Last Amended Judgment if Any)* | Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of [✓] the defendant [ ] the Director of the Bureau of Prisons [ ] the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
[✓]**DENIED.** [ ]GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant seeks a sentence reduction under the retroactive application of the criminal history rules in Part A of Amendment 821 to the United States Sentencing Guidelines. (*See* Doc. 39.) Defendant is ineligible.

Part A limits the overall criminal history impact of "status points" for offenders who committed the instant offense while under a criminal justice sentence. *See* USSG Ret. App. A & B, Sub. 1 Amendment 821 "Reasons for Amendment" (Nov. 1, 2023). "A defendant is ineligible for a sentence reduction if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range." *United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017); USSG §1B1.10(a)(2)(B) (2023).

Here, Defendant's criminal history resulted in a subtotal criminal history score of 17 and Defendant received two Chapter Four "status points" for a total criminal history score of 19. (Doc. 38 ¶¶ 42–44.) According to the sentencing table in U.S.S.G. Chapter Five, Part A, criminal history category VI applies to all defendants with criminal history scores above 13. Therefore, a one-point "status point" reduction to Defendant's criminal history score would not lower his applicable criminal history category or result in a lower applicable guideline range. Additionally, Defendant was sentenced to the mandatory minimum sentence of 180 months for his conviction under 18 U.S.C. §§ 922(g)(1) and 924(e), which is the lowest available sentence under the law. (Doc. 37 at 4.) Because Defendant is ineligible for a sentence reduction under the retroactive application of Amendment 821, his motion is denied.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.

**IT IS SO ORDERED.**

Order Date: January 19, 2024

Effective Date: January 19, 2024
*(if different from order date)*

*Judge's signature*

DONALD WILLIAM MOLLOY
*Printed name and title*